THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* STEVEN M. HELM, Defendant-Appellee.

(No. 12878; )

Fourth District—April 24, 1975.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant, Steven Helm, was charged by way of a traffic citation on a prescribed form with violating section 11—404 of the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—404). The defendant allegedly had struck an unattended motor vehicle on April 4, 1974, in the parking lot of a private apartment complex and had not complied with the above cited statutory requirement for reporting the accident. The defendant moved to dismiss the traffic citation, and the trial court dismissed the citation. The People have brought this appeal pursuant to Supreme Court Rule 604 (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)).

Section 11—404 (Ill. Rev. Stat. 1973, ch. 95½, par. 11—404) provides as follows:

> "§ 11—404. Duty upon damaging unattended vehicle or other property. The driver of any vehicle which collides with or is involved in an accident with any vehicle which is unattended, or other property, resulting in any damage to such other vehicle or property shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle or other

property of his name, address and the registration number of the vehicle he is driving or shall attach securely in a conspicuous place on or in the vehicle or other property struck a written notice giving his name, address and the registration number of the vehicle he is driving and shall without unnecessary delay notify the nearest office of a duly authorized police authority and shall make a report of such accident when and as required in Section 11—406 of this Chapter. Every such stop shall be made without obstructing traffic more than is necessary."

The above quoted provision is a part of article IV of chapter II of the Motor Vehicle Code. The permissible scope of application of section 11—404 is governed by section 11—201 (Ill. Rev. Stat. 1973, ch. 95½, par. 11—201). That latter provision states, in part, as follows:

"§ 11—201. Provisions of act refer to vehicles upon the highways— Exceptions. The provisions of this Chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

\* \* \*

2. The provisions of Article IV and V of this Chapter shall apply upon highways and elsewhere throughout the State."

The defendant's motion to dismiss was based upon the contention that the application of section 11—404 is limited to accidents occurring upon highways and that the private parking lot involved here is not a highway. The people argued that the parking lot is a semipublic area and that *People v. Erickson*, 108 Ill.App.2d 142, 246 N.E.2d 457, has held that the meaning of section 11—201 includes semipublic areas. Relying upon *Erickson*, the trial court determined that the parking lot in the instant case was not a semipublic area and dismissed the traffic citation as the result of its failure to state an offense.

The sole question presented by this appeal is whether the provision that section 11—404 shall be applied to the operation of vehicles upon highways and "elsewhere throughout the state" requires its application to an accident occurring upon private property consisting of the parking lot of an apartment complex.

In *Erickson*, the defendant was charged with driving while under the influence of intoxicating liquor. The alleged violation had occurred on a privately owned shopping center parking lot. The statutory provision with regard to driving while under the influence of intoxicating liquor was among those provisions which "shall apply upon highways and elsewhere throughout the State" (the language now found in section 11—201). The trial court dismissed the complaint, and the appellate court

reversed. In construing the phrase "elsewhere throughout the State," the appellate court commented:

> "Since the legislature used the word 'elsewhere' instead of 'anywhere,' we interpret the intent to include private areas that are devoted to a semipublic use as contrasted to areas that are strictly private in use. The parking lot involved herein was devoted to a semipublic use and therefore the statute applied." 108 Ill.App.2d 142, 145.

We note that an opinion of the Attorney General of Illinois has indicated that the word "elsewhere" has a broader meaning. That opinion commented that the language "elsewhere throughout the State" means anywhere in the State (1957 Ill. Att'y Gen. Op. 241, 243).

Without deciding whether the language "elsewhere throughout the State" applies beyond areas of semipublic use, we conclude that the apartment complex parking lot in this case is open to semipublic use. Therefore, the statement that section 11—404 shall apply to accidents upon the highway and elsewhere throughout the state requires the application of section 11—404 to the parking lot in the instant case. The traffic citation in the present case did state an offense under section 11—201 and 11—404 (Ill. Rev. Stat. 1973, ch. 95½, pars. 11—201 and 11—404). Dismissal of the citation was improper. Accordingly, the judgment of the trial court is reversed and remanded with directions for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

SIMKINS, P. J., and CRAVEN, J., concur.