THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREG KROSSE, Defendant-Appellant.

Third District    No. 3—93—0604

Opinion filed June 9, 1994.

Spencer Lee Daniels, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The defendant, Greg Krosse, was charged with driving under the influence of alcohol. (625 ILCS 5/11—501(a)(2) (West 1992).) His driver's license was summarily suspended after he allegedly refused to submit to a blood test. (625 ILCS 5/11—501.1 (West 1992).) Subsequently, he filed a petition to rescind his statutory summary suspension, which was denied. A motion for reconsideration was also denied. On appeal, he argues that the trial court erred in denying his petition to rescind because: (1) the police did not have the right to request a blood test after he had passed a breathalyzer test, and (2) he did not refuse to take the blood test. We affirm.

At the hearing on the petition, police officer Kenneth Mullens testified that he stopped the defendant's car shortly after midnight on May 10, 1993, for weaving across lane markings in the street. Following standard policy, Mullens approached the passenger side of the defendant's van. The defendant immediately began yelling loudly at the officer to come to the driver's side. Mullens asked the defendant to roll down a passenger window, but the defendant began swearing and again yelled at Mullens to come to the driver's side.

Mullens then went to the driver's window and asked for the defendant's driver's license and insurance card. The defendant produced them and also produced an activated miniature tape recorder. The defendant continued swearing and said that Mullens would wish that he had never stopped the defendant.

Mullens smelled a strong odor of alcohol on the defendant's breath and asked him to exit the van and perform field sobriety tests. The defendant continued his loud and belligerent conduct during the

tests. After he was arrested and placed in the squad car, he unbelted himself and called on Mullens' police radio for help from a supervisor. The officer testified that he had not threatened the defendant and was trying to do everything correctly. The defendant was transported to the county jail, where he received the warning to motorist and submitted to a breathalyzer test, which yielded a reading of 0.07%.

Mullens stated that he felt the defendant's speech and unusual behavior that night were not consistent with a reading of 0.07% on the breathalyzer. He also testified that the defendant was nervous throughout the arrest. The officer suspected that the defendant might be under the influence of a drug such as cocaine. Mullens therefore asked the defendant to submit to a blood test. The defendant said he would go to the hospital and take a blood test as long as someone other than Mullens transported him there. After Mullens told the defendant that he would transport him, the defendant refused to take the blood test.

The defendant testified that when he was arrested and brought to county jail, he told another police officer that he was afraid of Mullens. He further testified that Mullens had harassed him, and that he had taken his tape recorder and turned it off. He stated that he had not been accused of taking drugs and would have submitted to the test if he had been transported by anyone other than Mullens.

At the end of the hearing, the trial judge concluded that the officer's request for multiple tests was reasonable and that the defendant refused to take the blood test. Therefore, he denied the defendant's petition to rescind his statutory summary suspension.

On appeal, the defendant first argues that the trial court erred in holding that the officer's request for multiple tests was reasonable.

In a statutory summary suspension hearing, the defendant has the burden of proof. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) He must show by a preponderance of the evidence that he is entitled to rescission. (*People v. Kurtz* (1988), 171 Ill. App. 3d 1068, 526 N.E.2d 540.) Whether the defendant has met his burden of proof is a question of fact for the trial court, and its determination will not be overturned on review unless its findings are manifestly erroneous. *People v. Scott* (1993), 249 Ill. App. 3d 597, 619 N.E.2d 809.

Although multiple testing is not always proper, a police officer can first require a breath test for alcohol and then require a blood or urine test for drugs. (*People v. Klyczek* (1987), 162 Ill. App. 3d 557, 516 N.E.2d 783.) This is not the same as allowing enforcement officials a "shopping spree" through the motorist's bodily fluids in search of evidence which would indicate a blood-alcohol content (BAC) over the legal limit. See *Broeckel v. Moore* (N.D. 1993), 498 N.W.2d 170.

■ At the hearing, Mullens testified that the defendant was loud and belligerent throughout the traffic stop and arrest. At one point the defendant released himself from the seat belt in the squad car while handcuffed and yelled into the police radio for a supervisor. Mullens testified that his behavior was not consistent with a reading of 0.07% on the breathalyzer. The purpose of requesting a blood test was not to get a higher BAC reading, which would have been constitutionally impermissible under the *Broeckel* standard, but to determine the presence of cocaine or another drug in the defendant's system. Therefore, we find that the trial court did not err in holding that the officer's request for the blood test was proper.

Next, the defendant argues that the trial court erred in finding that the defendant refused the blood test. He contends that his insistence on having another officer take him to the hospital was not a refusal, simply a reasonable condition under the circumstances for taking the additional test.

■ When a person will not submit to a chemical test unless a condition he sets is met, his conduct constitutes a refusal to submit to that test. (*Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651.) In the instant case, the defendant conditioned his taking of the blood test upon the identity of the transporting officer, a decision that was not his to make. Further, Officer Mullens testified that when he told defendant he would be the transporting officer, the defendant refused to take the test. Therefore, we find that the trial court's ruling that the defendant refused to take the blood test was not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER, P.J., and BARRY, J., concur.