THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY MILBRATZ, Defendant-Appellant.

Second District  No. 2—00—0227

Opinion filed June 29, 2001.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Milo Miller, of Jackson, Missouri, for the People.

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Anthony Milbratz, was charged with driving while under the influence of alcohol (DUI) (count I) (625 ILCS 5/11—501(a)(2) (West 2000)), resisting a peace officer (count II) (720 ILCS 5/31—1(a) (West 2000)), attempted obstructing justice (count III) (720 ILCS 5/8—4(a), 31—4(a) (West 2000)), driving while his license was suspended or revoked (count IV) (625 ILCS 5/6—303(a) (West 2000)), and operating an uninsured motor vehicle (count V) (625 ILCS 5/3—707 (West 2000)). Prior to trial, defendant pleaded guilty to counts II and III and the matter proceeded to a bench trial on the remaining counts. The trial court subsequently granted defendant's motion for directed findings as to counts IV and V and found defendant guilty of count I, the DUI charge.

Defendant appeals and contends that, as to counts II and III, his guilty pleas must be reversed and the cause must be remanded to allow him to replead because no factual basis was presented in support of the pleas. Defendant also contends that his conviction of DUI must be reversed because (1) the trial court erred when it permitted the cross-examination of a witness beyond the scope of her direct examination and (2) defendant did not knowingly waive his right to a jury trial. We affirm defendant's conviction of DUI and remand the cause for further proceedings as to counts II and III.

Prior to the start of the trial, the following colloquy occurred among defendant's attorney (Mr. Coco), the trial court, and defendant:

"MR. COCO: Tony Coco for the defendant, your honor.

At this time we are still seeking to go to bench trial on Counts 1, 4 and 5.

But at this time we will be entering pleas of guilty to Counts 2 and 3 of the resisting and the attempt obstructing justice.

THE COURT: All right, as to counts 2 and 3, those are Class A misdemeanors, punishable by up to one year in jail, a $2500 fine. Probation or conditional discharge up to 24 months; as a condition of either of those, up to 180 days county jail, periodic imprisonment up to one year, court supervision up to two years.

As to all the charges, you are entitled to have a jury trial. A jury trial is where 12 people sit and listen to the evidence, they decide if you're guilty or not guilty.

And then a bench trial is a judge sitting alone.

You're giving up your right to have a jury or bench trial freely and voluntarily, is that correct?

DEFENDANT ANTHONY MILBRATZ: Yes, sir.

THE COURT: Nobody has threatened or promised you anything to get you to do that, is that correct?

DEFENDANT ANTHONY MILBRATZ: No, sir.

THE COURT: To the charges on Counts 2 and 3, by pleading guilty, you're giving up your right to have a trial of any kind, giving up your right to cross-examine witnesses, bring in witnesses in your own behalf, and you're doing all those things freely and voluntarily?

DEFENDANT ANTHONY MILBRATZ: Yes.

THE COURT: Nobody threatened or forced you to do that?

DEFENDANT ANTHONY MILBRATZ: No, sir.

THE COURT: Upon a plea of guilty, I'll find you guilty. I'll continue those over for sentencing. As to Counts 1, 4 and 5, pleas of not guilty. And is it going to be a bench trial?

MR. COCO: Yes, Judge."

At trial, the State called Susan Barry, an Elmhurst police officer, as a witness. Officer Barry testified that on March 14, 1998, at about 3:56 a.m., she was on duty and was called to the area near North Avenue and Route 83 in response to a report of the reckless driving of a gray Ford pickup truck. Officer Barry observed a gray Ford pickup truck with its hood up being driven through the lot of a gas station on the southwest corner of the intersection of North Avenue and Route 83. After the truck stopped in the gas station lot, Officer Barry approached the truck and observed that defendant was the driver of the truck.

Officer Barry noticed that defendant had a slight odor of alcohol on his breath, that defendant's speech was slurred, and that defendant's eyes were bloodshot and glassy. Defendant told Officer Barry that his truck was overheating, that he was coming from Buffalo Grove, and that he was going home to Arlington Heights. Officer Barry asked defendant for his identification. Defendant then handed Officer Barry a citation with the name Brandon Booth and walked into the gas station.

Officer Barry followed defendant and observed that he was staggering and was very unsteady on his feet. Inside the gas station, Officer Barry observed that the odor of alcohol on defendant's breath was much stronger than it had appeared when defendant was outside. Defendant agreed to perform three field sobriety tests. After administering the tests, Officer Barry concluded that defendant failed each of the tests and arrested defendant for DUI. At trial, Officer Barry opined that defendant was under the influence of alcohol when he was arrested.

On cross-examination, Officer Barry acknowledged that she did not observe defendant's truck on a public road. On redirect examination, Officer Barry testified that the entrances and exits to the gas station are all adjacent to public highways, that defendant was by himself, and that defendant did not say that anyone else drove him to the gas station.

Dan Terry, an Elmhurst police officer, testified that he was on duty at about 4 a.m. on March 14, 1998, when he was dispatched to the gas station to assist Officer Barry. Officer Terry's testimony corroborated the testimony of Officer Barry with respect to defendant's slurred speech, defendant's bloodshot, glassy eyes, the odor of alcohol on defendant's breath, and defendant's failure of the field sobriety tests. Officer Terry opined that defendant was intoxicated when he was arrested.

On cross-examination, Officer Terry acknowledged that he did not observe defendant's truck move. Officer Terry also acknowledged that he did not recover a set of keys from defendant's truck.

After the State rested, defendant made an oral motion for a directed finding. Following arguments, the trial court denied the motion as to the DUI charge and granted the motion as to counts IV and V. With respect to count IV, the charge of driving with license suspended or revoked, the trial court commented that there was circumstantial evidence that defendant was driving but that the court was not convinced beyond a reasonable doubt that defendant "operated the vehicle, and on a certain street at a certain time."

Defendant then called Officer Barry as a witness. The only ques-

tion that defendant's attorney asked Officer Barry was whether she ever recovered a set of keys from defendant on the night in question. Officer Barry's response was, "I don't believe I did."

On cross-examination, Officer Barry was asked whether the engine in defendant's truck was running when defendant walked into the gas station. Defendant objected on the ground that the question was beyond the scope of the direct examination. The trial court overruled the objection. Officer Barry then answered, "Yes."

The trial court found defendant guilty of DUI. The court subsequently denied defendant's motion for a new trial and sentenced defendant to a term of 292 days' incarceration in the county jail on each of counts I, II, and III with 292 days of credit for time served on each count. The trial court also imposed various fines and costs on defendant. Defendant's timely notice of appeal followed.

On appeal, defendant first contends that the trial court committed reversible error when it allowed the State to cross-examine Officer Barry beyond the scope of her direct examination during defendant's case. Defendant asserts that the error occurred when the trial court overruled his objection and allowed Officer Barry to answer the question as to whether the truck's engine was running. Defendant maintains that the subject matter of the direct examination regarding the recovery of keys was to establish his defense that someone else, not defendant, had been driving the truck. In defendant's view, the scope of the direct examination of Officer Barry should have been limited to that subject matter. Defendant argues that the State's question on cross-examination regarding whether the truck was running was beyond the scope of the direct examination because it did not address whether someone other than defendant was driving the truck but instead sought to bolster the State's lack of evidence as to whether defendant was driving the truck.

The State initially responds that defendant has waived this issue by failing to raise it in his posttrial motion. The State also maintains that the issue should not be reviewed as plain error because the cross-examination in question was within the scope of the direct examination and therefore the trial court did not err when it allowed the cross-examination.

●1 Cross-examination is generally limited in scope to the subject matter of the direct examination of the witness and to matters affecting the credibility of the witness. *People v. Terrell*, 185 Ill. 2d 467, 498 (1998). However, courts should liberally construe this limitation to allow inquiry into whatever subject tends to explain, discredit, or destroy the witness' testimony. *Terrell*, 185 Ill. 2d at 498. The latitude allowed regarding cross-examination rests within the sound discretion

of the trial court, and a reviewing court should not interfere absent a clear abuse of discretion that results in manifest prejudice to the defendant. *People v. Hall*, 195 Ill. 2d 1, 23 (2000). Improper cross-examination is not reversible error if it can be considered harmless error. *People v. Enis*, 139 Ill. 2d 264, 296 (1990).

●2 In this case, we agree with the State that defendant has waived the issue because he failed to raise it in his posttrial motion. See *Hall*, 195 Ill. 2d at 26 (failure to object to claimed improper cross-examination both contemporaneously and in postsentencing motion resulted in waiver of the issue). Furthermore, even if we were to address the merits of the issue, we would agree with the State that the trial court did not err because the cross-examination was within the scope of the direct examination. Defendant's argument that the subject matter of the direct examination was limited to whether someone other than defendant was driving the truck and did not at least infer that defendant was not driving the truck cannot withstand logical scrutiny. In addition, it would be reasonable to infer from the fact that the truck was running that the keys were in the truck's ignition and that the keys therefore could have been recovered. This would tend to discredit the direct examination of Officer Barry. Thus, the trial court did not abuse its discretion when it decided that the question was within the scope of the direct examination.

Finally, even if the trial court had erred by allowing the cross-examination we would conclude that the error was harmless. In the State's case, Officer Barry testified that she observed defendant driving the truck. Consequently, the question on cross-examination was not necessary to establish that defendant was driving the truck.

For all these reasons, defendant is not entitled to a reversal of his conviction of DUI on the ground that the trial court erred by allowing cross-examination beyond the scope of direct examination.

Defendant next makes a compound contention that he did not knowingly and understandingly plead guilty to counts II and III (attempted obstructing justice and resisting a peace officer) and that he therefore could not have made a knowing waiver of his right to a jury trial on count I (DUI). Defendant seeks the reversal of his convictions on counts II and III, a remand of the cause to allow him to replead on those counts, and the reversal of his conviction on count I and a remand for a new trial on that count.

We first address defendant's contention that he did not knowingly and understandingly plead guilty to counts II and III. Defendant bases this contention on his assertion that there was no factual basis presented in support of the pleas. Defendant argues that, in the absence of a supporting factual basis, his guilty pleas did not comply with the

requirements of Supreme Court Rule 402(c) (177 Ill. 2d R. 402(c)) and therefore must be reversed.

The State responds that defendant's appeal on this issue should be dismissed because defendant failed to file a motion to withdraw his guilty pleas as required by Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). Defendant acknowledges that he failed to file a motion to withdraw his guilty pleas but argues that this failure should be excused because the trial court did not admonish him regarding his rights and responsibilities with respect to the pleas pursuant to Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)).

●3 Supreme Court Rule 605(b) provides that the circuit court should give certain admonishments to a defendant after the defendant submits a guilty plea. Specifically, Rule 605(b) requires that the circuit court should advise a defendant (1) that he has a right to appeal; (2) that he must file a motion to withdraw the guilty plea before taking an appeal; (3) that if the motion is allowed, the circuit court will vacate the plea, the sentence, and the judgment and the matter will proceed to trial; (4) that the State may pursue any charges that were dismissed as part of a plea agreement; (5) that if the defendant is indigent, transcripts and counsel will be provided to assist him in the preparation of the motions; and (6) that any claims of error not raised in the motion to withdraw the guilty plea will be waived on appeal. 188 Ill. 2d R. 605(b); *People v. Burton*, 184 Ill. 2d 1, 17 (1998).

●4 Because such posttrial motions are necessary to preserve issues for appeal, the Rule 605(b) admonishments are mandatory so that a defendant does not fail to file the necessary motion if he wishes to appeal. *Burton*, 184 Ill. 2d at 18. Consequently, where the circuit court fails to admonish a defendant pursuant to Rule 605(b) and the defendant fails to file a motion to withdraw a guilty plea, a reviewing court must remand the cause to the circuit court to give the defendant an opportunity to file a motion to withdraw the guilty plea. *Burton*, 184 Ill. 2d at 18.

●5 In this case, when the trial court accepted defendant's guilty pleas on counts II and III prior to trial, it continued the matter for sentencing on those counts. After the trial, when the trial court sentenced defendant on his conviction of DUI, the assistant State's Attorney reminded the trial court that it had not yet sentenced defendant for his convictions on counts II and III. The trial court then sentenced defendant on counts II and III. However, the trial court did not admonish defendant pursuant to Rule 605(b) at that time, and nothing in the record shows that the trial court admonished defendant pursuant to Rule 605(b) at any other time. Therefore, because the trial court failed to admonish defendant regarding his guilty pleas on

counts II and III pursuant to Rule 605(b), we must remand the cause to the circuit court to give defendant an opportunity to file a motion to withdraw his guilty pleas on counts II and III.

Because we must remand the cause based on the trial court's failure to admonish defendant pursuant to Rule 605(b), we will only briefly address defendant's contention that he did not knowingly and understandingly plead guilty to counts II and III because no factual basis was presented in support of the pleas. Nothing in the record shows that the trial court determined that there was a factual basis for the guilty pleas before the court entered final judgment on the pleas. Thus, the pleas were entered without satisfying Supreme Court Rule 402(c) (134 Ill. 2d R. 402(c)), which requires a factual basis for all guilty pleas. On remand, defendant will be given an opportunity to withdraw his guilty pleas on counts II and III.

We next address defendant's contention that he did not knowingly waive his right to a jury trial with respect to count I, the DUI charge. Defendant acknowledges that he signed a written waiver of his right to a jury trial. However, defendant points out that the written waiver does not identify the counts that the waiver applied to. Defendant argues that his waiver was unknowing because the trial court failed to identify the counts on which he was pleading guilty and therefore he could not have known the counts on which he waived his right to a jury trial.

●6 A criminal defendant may waive his right to a trial by jury if he understandingly waives the right in open court. 725 ILCS 5/103—6 (West 2000); *People v. Scott*, 186 Ill. 2d 283, 284-85 (1999). Generally, a written waiver signed by the defendant is a sufficient indication that the defendant knowingly and understandingly waived his right to a jury trial. See 725 ILCS 5/115—1 (West 2000). Whether a waiver was knowingly and understandingly made is determined by the facts and circumstances of each case. *People v. Tye*, 141 Ill. 2d 1, 24 (1990).

●7 In this case, the facts simply do not support defendant's contention that he did not knowingly waive his right to a jury trial. Prior to trial, while defendant was present in open court, defendant's attorney advised the court that defendant wished to plead guilty to counts II and III and proceed to a bench trial on the remaining counts, including count I, the DUI count. Defendant's attorney stated the charges related to counts II and III. The trial court then admonished defendant as to counts II and III and accepted defendant's guilty pleas on counts II and III. The trial court also described the difference between a jury trial and a bench trial. The trial court then asked whether it would be a bench trial as to counts I, IV, and V. Defendant's counsel replied, "Yes, Judge."

Based on this record, we conclude that defendant knowingly and understandingly waived his right to a jury trial with respect to count I, the DUI charge. Therefore, defendant is not entitled to the reversal of his conviction of DUI on that ground.

In sum, we affirm defendant's conviction of DUI and remand the cause for further proceedings to allow defendant an opportunity to withdraw his guilty pleas on counts II and III.

Affirmed in part and remanded for further proceedings.

GEIGER and CALLUM, JJ., concur.