**People of the State of Illinois, Plaintiff-Appellant, v. Ralph Erickson, Defendant-Appellee.**

**Gen. No. 68–124.**

Second District.

April 3, 1969.

William V. Hopf, State's Attorney of Du Page County, of Wheaton, and J. Michael Fitzsimmons, Jr., Assistant State's Attorney, for appellant.

Anthony F. Mannina, Marco and Mannina, of Downers Grove, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

The State brings this appeal claiming that the magistrate's order of April 16, 1968, quashing the complaint and his order of June 18, 1968, refusing to vacate such order, was in error.

The defendant, Ralph Erickson, was charged with driving a vehicle while under the influence of intoxicating liquor in violation of section 47 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1967, c 95½, § 144(a)). The occurrence took place in a privately owned parking lot.

The same Act also provides in section 20 as follows:

"Provisions of act refer to vehicles upon the highways—Exceptions. The provisions of this Act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

"1. Where a different place is specifically referred to in a given section.

"2. The provisions of Articles IV and V shall apply upon highways and elsewhere throughout the State."

Article V referred to in the above quoted section includes the offense charged against the defendant.

The single issue for decision is: Is the offense charged applicable to the defendant when he is upon private property (that is, a shopping center parking lot) as distinguished from public highways and "elsewhere throughout the State?" We answer in the affirmative.

While this is a case of first impression in Illinois, the question is not foreign to other jurisdictions. An almost identical situation occurred in New Jersey as reported in the case of State v. Sisti, 62 NJ Super 84, 162 A2d 297 (1960). In that case, as in the instant case, the statute violated did not contain verbiage which would restrict itself to the offense occurring "on highways." Instead, it simply provided that a person who operates a motor vehicle while under the influence of intoxicating liquor would be subject to a penalty. As in the case before us, the defendant sought to establish and the State to negate, that the act under scrutiny was meant to apply only if the occurrence took place upon a highway. In response the Appellate Court of New Jersey, at 162 A2d 298, stated:

"We prefer to rest our decision on the simple fact that, as beyond question the legislation regards an intoxicated driver as a menace and one who should be denied the right to operate an automobile in such condition, the legislative intent includes a ban on the operation of a motor vehicle in a place devoted to public use as is here involved. Such a holding emphasizes the significance of the absence in NJSA 39:4–50 of any limitation on the area within which the operation of a motor vehicle under the circumstances therein defined is prohibited. No sound rea-

144

son exists for a holding that the Legislature intended to tolerate the operation of a motor vehicle, by a person under the influence of intoxicating liquor, in a semipublic place such as is here involved."

See also, State v. Gallagher, 102 NH 335, 156 A2d 765 (1959) ; State v. Rosier, 105 NH 6, 191 A2d 526 (1963) ; and 7 Am Jur2d, Automobiles and Highway Traffic, § 169.

The Illinois Legislature, unlike the New Jersey Legislature, expressly and specifically provided that the offense of driving a vehicle while under the influence of intoxicating liquor would apply, not only if it occurred upon highways, but "elsewhere throughout the State." Since the legislature used the word "elsewhere" instead of "anywhere," we interpret the intent to include private areas that are devoted to a semipublic use as contrasted to areas that are strictly private in use. The parking lot involved herein was devoted to a semipublic use and therefore the statute applied.

Consequently, the orders of April 16, 1968, and June 18, 1968, are reversed and this cause is remanded to the trial court to proceed in accordance with the views expressed herein.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.