People of the State of Illinois, Plaintiff-Appellee, v. George H. Kozak, Defendant-Appellant.

Gen. No. 54,762.

First District, Fourth Division.

October 21, 1970.

Andrew M. Raucci, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

After a bench trial, defendant was convicted of driving a motor vehicle while his driver's license was suspended, in violation of Ill Rev Stats 1967, c 95½, § 6–303(a).[1] He was placed on one year's probation. Defendant appeals and seeks a reversal of his conviction, or in the alternative, a new trial. Defendant contends (1) that the statute he was charged with violating is inapplicable to the facts of the case; (2) that he was not proven guilty beyond a reasonable doubt; and (3) that the trial court erred in refusing to strike testimony as to defendant's admissions when the prosecution failed to prove the corpus delicti.

The agreed statement of facts shows that on June 14, 1969, police officers of the Berkeley Police Department investigated an automobile accident in the parking lot of Guido's Finer Foods. The investigation developed that

defendant's vehicle had apparently struck an unoccupied vehicle and defendant admitted he was operating his vehicle at the time. Defendant's driver's license had been suspended a few days before this occurrence. The police testified that they did not see defendant operate his vehicle; that the parking lot is owned by Guido's Finer Foods and it is not a public body; and that no municipal or governmental body, to the officer's knowledge, maintains or cleans this parking lot.

Defendant contends that the statute,[1] which by its terms is applicable only when a person is driving a motor vehicle on a highway of this State, is not violated by driving in a parking lot which is not a "highway" as defined in Ill Rev Stats 1967, c 95½, § 1–121.[2] We agree.

In People v. Erickson, 108 Ill App2d 142, 246 NE2d 457, the defendant was charged with driving a vehicle while under the influence of intoxicating liquor in violation of section 47 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1967, c 95½, § 144(a)). As in the instant case, the occurrence took place in a privately-owned parking lot. In Erickson this court noted that the legislature did not restrict the offense of driving while under the influence of intoxicating liquor to highways, and said at page 145, after referring to pertinent statutes:

> "The Illinois Legislature . . . , expressly and specifically provided that the offense of driving a

[1] Chapter 95½, Section 6–303(a), Illinois Revised Statutes, 1967. Any person who drives a motor vehicle on any highway of this State at a time when his operator's or chauffeur's license or permit or privilege so to do or his privilege to obtain a license or permit under this Act is revoked or suspended as provided by this Act or any other Act, except as may be allowed by a restricted driving permit issued under this Act, shall be punished by imprisonment for not less than 7 days nor more than 1 year and there may be imposed in addition thereto a fine of not more than $1,000.

[2] Chapter 95½, Section 1–121. Highway.
The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

vehicle while under the influence of intoxicating liquor would apply, not only if it occurred upon highways, but "elsewhere throughout the state." [3]

However, in the present case the statute makes it a punishable offense to drive without a license on a highway without expanding the prohibition to "elsewhere throughout the state." Therefore, the prohibition does not extend to operation of a motor vehicle in a privately-owned parking lot.

Since we have determined to reverse, we need not discuss defendant's remaining contentions.

The judgment is reversed.

Reversed.

DRUCKER and ENGLISH, JJ., concur.

---

[3] Section 47 of the Uniform Act Regulating Highways (Ill Rev Stats 1967, c 95½, § 144(a)) provides that an intoxicated person may not drive or be in control of a vehicle "within this state." This terminology is further defined in Section 20 of the Act which states that the provisions of Article V (Driving While Intoxicated, Transporting Alcoholic Liquor, and Reckless Driving) apply, "upon highways and *elsewhere throughout the state.*" (Emphasis supplied.)