No. 2--07--0705    Filed: 7-16-08
_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

THE PEOPLE OF THE STATE        )    Appeal from the Circuit Court
OF ILLINOIS,                   )    of Lake County.
                               )
        Plaintiff-Appellee,    )
                               )
v.                             )    No. 07--DT--876
                               )
BONNIE HELT,                   )    Honorable
                               )    Charles D. Johnson,
        Defendant-Appellant.   )    Judge, Presiding.
_____

JUSTICE McLAREN delivered the opinion of the court:

Bonnie Helt appeals the trial court's order denying her petition to rescind the summary suspension of her driver's license under section 11--501.1 of the Illinois Vehicle Code (625 ILCS 5/11--501.1 (West 2006)). Helt, who was found parked in a grocery store parking lot, argues that the State improperly used hearsay evidence to show that she had been driving on a public highway. We determine that Helt failed to present a prima facie case, because she did not present any evidence to establish that she was not in actual control of the vehicle or that the parking lot was privately maintained. Accordingly, we affirm.

I. BACKGROUND

On March 18, 2007, Helt was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(1), (a)(2) (West 2006)). She was taken to the police station, where she took a Breathalyzer test that showed an alcohol concentration over 0.08. Helt's driving privileges were then

summarily suspended under section 11--501.1. She filed a petition to rescind the suspension, alleging in part that "the arresting officer had no reasonable grounds to believe that the Petitioner was driving or in actual physical control of a motor vehicle while under the influence of alcohol." See 625 ILCS 5/2--118.1 (West 2006). The petition was silent about the location of the vehicle. The following is from a bystander's report of the hearing on the petition.

The arresting officer testified that on March 18, 2007, he went to a Jewel grocery store parking lot in Antioch, Illinois, in response to a dispatch. When he arrived, he saw a white Toyota in the parking lot. Helt was in the driver's seat, with the keys in the ignition. The officer testified that he smelled alcohol on Helt's breath, her speech was slurred, and she leaned on the car when she exited it. The officer admitted that he had not personally observed Helt driving the vehicle on a public highway.

When the State asked the officer about the dispatch, Helt's counsel objected based on hearsay. The objection was overruled, and the officer testified that the dispatch was the result of information from tipsters who had called and had provided their names and telephone numbers. The tipsters indicated that a vehicle matching the make and model of Helt's vehicle was traveling into lanes of oncoming traffic and almost struck oncoming vehicles. The tipsters followed the vehicle to the Jewel parking lot, remained there, and gave written statements to the officer. The State sought to introduce the written statements, and Helt's hearsay objection to those statements was sustained.

The court denied Helt's petition and her motion to reconsider. Helt appeals.

## II. ANALYSIS

Helt contends that the summary suspension should be rescinded because the officer did not see her operating the vehicle on a public highway and the State sought to establish these two elements through inadmissable hearsay.

Section 11--501.1(a) provides in part that "[a]ny person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol *** in the person's blood if arrested *** for [DUI]." 625 ILCS 5/11--501.1(a) (West 2006). "If a motorist submits to testing that reveals a blood alcohol level in excess of the legal limit, or if he or she refuses to submit to testing, his or her driving privileges will be summarily suspended by the Secretary of State upon the submission of a sworn report of the arresting officer." People v. Marsala, 376 Ill. App. 3d 1046, 1048 (2007), citing 625 ILCS 5/11--501.1(d), (e) (West 2006). "A motorist whose driving privileges have been summarily suspended may request a judicial hearing to seek rescission of the suspension. 625 ILCS 5/2--118.1 (West 2002)." Marsala, 376 Ill. App. 3d at 1048.

"A hearing on a petition to rescind a summary suspension of driving privileges is a civil proceeding." Marsala, 376 Ill. App. 3d at 1048. The defendant bears the burden of proof and, if he or she establishes a prima facie case for rescission by presenting at least some evidence on every element essential to the cause of action, the burden shifts to the State to come forward with evidence justifying the suspension. Marsala, 376 Ill. App. 3d at 1048. "A defendant's failure to establish a prima facie case warrants a directed finding in favor of the State." Marsala, 376 Ill. App. 3d at 1048. "A trial court's determination of a prima facie case will not be disturbed on appeal unless it is against the manifest weight of the evidence." Marsala, 376 Ill. App. 3d at 1048.

In Marsala, we addressed a petition to rescind a summary suspension when the arresting officer stated that he did not see the defendant driving and did not observe a traffic violation. There, we observed that, while the defendant showed that the officer did not have a reasonable basis to conclude that he was "driving" a motor vehicle, he failed to present evidence on whether the officer had a reasonable basis to conclude that he was in "actual physical control" of a motor vehicle. Marsala, 376 Ill. App. 3d at 1049. Because the defendant did not present any evidence to support the conclusion that he was not in actual physical control of the vehicle, he was not entitled to the rescission of the summary suspension of his license. Marsala, 376 Ill. App. 3d at 1049.

Here, Helt argues that evidence about her driving was inadmissable hearsay, but she does not deny that, in the parking lot, she was in actual control of the vehicle while under the influence of alcohol. Instead, she argues that Marsala is distinguishable because the parking lot was not a "public highway" for purposes of section 11--501.1. She then argues that the only evidence that she drove or was in control of the vehicle on a "public highway" was inadmissable hearsay.

Unlike the offense of DUI, a summary suspension requires the motorist to have been on a public highway. Compare 625 ILCS 5/11--501 (West 2006) with 625 ILCS 5/11--501.1 (West 2006); see People v. Montelongo, 152 Ill. App. 3d 518, 522-23 (1987). "Highway" is defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." 625 ILCS 5/1--126 (West 2006); see Montelongo, 152 Ill. App. 3d at 521.

A parking lot that is publicly maintained and open to use by the public for vehicular travel will constitute a "highway," even if the parking lot is on privately owned property. People v. Culbertson, 258 Ill. App. 3d 294, 297 (1994); see People v. Dexter, 328 Ill. App. 3d 583, 587 (2002). For

example, in Culbertson, a Metra train station parking lot was found to be a public highway when there was evidence that the municipality maintained it. Culbertson, 258 Ill. App. 3d at 297. In comparison, in People v. Kozak, 130 Ill. App. 2d 334, 335 (1970), a grocery store lot was not a public highway when there was specific evidence that it was privately owned and that no municipal body maintained or cleaned it. Likewise, in Montelongo, a restaurant lot was not a public highway when the defendant produced undisputed evidence that the lot was fenced, there were signs indicating that it was for the use of patrons only, and a witness had never observed a government agency maintaining the lot. Montelongo, 152 Ill. App. 3d at 520, 523.

Here, in order to present a prima facie case, Helt was required to present evidence that she was not in actual control of the vehicle on a public highway. She failed to do so. The officer testified that he had not "observed the vehicle being operated by Helt on a public highway," but that statement did not evince either that the Jewel parking lot was not a public highway or that Helt was not in actual control of the vehicle there. See Marsala, 376 Ill App.3d at 1049 (officer's testimony that he did not see defendant drive did not evince that he did not see defendant in control). For her part, Helt did not deny having actual control of the vehicle, and she presented no evidence to show that the Jewel lot was privately owned and maintained. The result is that she failed to establish a prima facie case.

### III. CONCLUSION

Because Helt did not present any evidence to establish that she was not in actual control of the vehicle or that the parking lot was privately maintained, she failed to present a prima facie case. Accordingly, the trial court correctly denied the petition to rescind the summary suspension of her license, and we do not address her argument that the State used inadmissible hearsay to rebut her allegations.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

GROMETER and ZENOFF, JJ., concur.