# Illinois Official Reports

## Supreme Court

---

### *People v. Relwani*, 2019 IL 123385

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAKSH N. RELWANI, Appellant. |
| Docket No. | 123385 |
| Filed | January 25, 2019 |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Will County, the Hon. Carmen Goodman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Gal Pissetzky, of Pissetzky and Berliner LLC, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and David H. Iskowich, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| Justices | JUSTICE KILBRIDE delivered the judgment of the court, with opinion. |
| | Chief Justice Karmeier and Justices Thomas, Garman, Burke, Theis, and Neville concurred in the judgment and opinion. |

¶ 1 Defendant was charged with driving under the influence of alcohol, and his driver's license was summarily suspended under Illinois's implied consent statute (625 ILCS 5/11-501.1 (West 2016)). He filed a petition to rescind the statutory summary suspension. When defendant rested his case at the hearing on his rescission petition, the State successfully moved for a directed finding, arguing he had not met his initial burden of proof. On appeal, a divided panel of the Appellate Court, Third District, affirmed the directed finding in favor of the State. 2018 IL App (3d) 170201.

¶ 2 Defendant now seeks this court's review, asking whether he was required to present affirmative evidence to make a *prima facie* case for rescission. We answer that question in the affirmative and affirm the appellate court's judgment.

¶ 3 I. BACKGROUND

¶ 4 Defendant, Daksh N. Relwani, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2016)) in the circuit court of Will County. In October 2016, he was found alone in an altered or partially unconscious state behind the steering wheel of a running car in a Joliet Walgreens parking lot at about 3:30 a.m. Under the Illinois implied consent statute (625 ILCS 5/11-501.1 (West 2016)), his driver's license was summarily suspended by the Secretary of State. The present appeal arose out of his petition to rescind that statutory summary suspension. In relevant part, defendant claims that rescission is warranted because he was arrested in a privately owned Walgreens parking lot that did not meet the definition of a "public highway," as required by the implied consent law.

¶ 5 At the hearing on his petition to rescind, defendant was the only witness. He testified on direct examination that he was parked in a Walgreens parking lot located at 1801 Ingalls Avenue in Joliet and "was sleeping behind the wheel of [his] car" when he "was woken up by police officers," who arrested him for DUI.

¶ 6 During the State's cross-examination, defendant was often unable to provide clear or responsive answers, repeatedly stating, "I don't remember." He admitted, however, that the police found him in his car with the keys in the ignition and the engine running. When the State asked whether the reason he did not remember performing some field sobriety tests was "because [he was] intoxicated and had taken heroin and clozapine[1] that night," defendant answered, "I, I don't know. I guess." While defendant was able to confirm he told the police that he "had been driving from the restaurant [in Chicago] with [his] family" earlier that evening, he did not recall if he also told them that he had "used heroin and clozapine for [his] birthday that night" and was "not sure" whether "there was an open bottle of Budweiser beer in [his] car." During redirect questioning, his counsel elicited testimony affirming that, "while

---

[1]Clozapine is a psychotropic drug used as an antipsychotic medication. *Clozapine*, National Institutes of Health, U.S. National Library of Medicine, https://medlineplus.gov/druginfo/meds/a691001.html (last visited Jan. 3, 2019) [https://perma.cc/UTX7-73G6].

[defendant was] at the police station, [he was] actually administered, administered a drug and then taken to Saint Joseph [Medical Center] for treatment because of [his] condition."[2]

¶ 7 At the close of defendant's case, the State successfully moved for a directed finding, arguing that he had not met his burden of proof in seeking rescission of his statutory summary suspension. Rejecting defendant's claim that the summary suspension statute was inapplicable because he was not driving on a "public highway," the trial court initially stated its belief that only private driveways were excluded from the statute. The judge then explained,

> "[h]ere, we have not truly established the fact, by the petitioner's case, that this truly was—they said he was in the Walgreens, that it was [a] privately-owned parking lot. If I don't know that[,] I can't assume that simply because it is the parking lot of Walgreens."

The trial court denied defendant's motion to reconsider.

¶ 8 On appeal, a majority of the appellate court affirmed. Relying on the appellate decisions in *People v. Helt*, 384 Ill. App. 3d 285, 287 (2008), and *People v. Culbertson*, 258 Ill. App. 3d 294, 296 (1994), the majority concluded that "a parking lot on privately owned property may constitute a public highway for the purposes of the summary suspension statute." 2018 IL App (3d) 170201, ¶ 17 (citing *Helt*, 384 Ill. App. 3d at 288). More specifically, a parking lot would be considered a "public highway" for summary suspension purposes if it is publicly maintained and open to the public for vehicular travel. See 625 ILCS 5/1-126 (West 2016) (defining "highway" for purposes of the Illinois Vehicle Code). Defendant bore the burden of establishing a *prima facie* case for rescission. Because the only evidence he offered on whether the parking lot was a "public highway" was noting it was near a Walgreens store, the majority concluded the trial court's directed finding for the State was not against the manifest weight of the evidence. 2018 IL App (3d) 170201, ¶¶ 18-20.

¶ 9 The dissenting justice argued that defendant met his burden of establishing a *prima facie* case for rescission by providing evidence that he was arrested inside his car in a Walgreens parking lot, citing *People v. Ayres*, 228 Ill. App. 3d 277 (1992), and *People v. Kissel*, 150 Ill. App. 3d 283 (1986), *overruled on other grounds by People v. Brown*, 175 Ill. App. 3d 725 (1988). The dissent maintained that because defendant established that he was arrested in a Walgreens parking lot the burden shifted to the State to prove that the parking lot was publicly maintained and used for public vehicular travel. The dissent asserted that the Third District should not follow the Second District's approach in *Helt*, requiring the motorist to provide proof that the parking lot was not a "public highway" for purposes of summary suspension, because that approach "places an undue burden on defendants to prove that private property is not publicly maintained." 2018 IL App (3d) 170201, ¶¶ 35-42 (Lytton, J., dissenting). This court allowed defendant's petition for leave to appeal under Illinois Supreme Court Rule 315(a) (eff. Nov. 1, 2017).

---

[2]The details of defendant's "condition" and treatment remain undisclosed because the pertinent records were made part of the secured record on appeal. The "secured record" is "[a] sealed, impounded, confidential or protected document(s), report of proceeding, or exhibit which shall not be accessed except by court order." Supreme Court of Illinois, *Standards and Requirements for Electronic Filing the Record on Appeal*, ¶ 1(k) (rev. Jan. 2018), http://efile.illinoiscourts.gov/documents/IL-Record-on-Appeal-Standards-v1.2.pdf [https://perma.cc/GN6F-ZHRM].

¶ 10                                    II. ANALYSIS

¶ 11        The dispositive question in this appeal is narrow: Was a defendant seeking rescission of the statutory summary suspension of his driver's license required to offer affirmative evidence to satisfy his initial burden of making a *prima facie* showing that he was not on a "public highway" while in control of his car?

¶ 12        While on its face the idea that a parking lot can be a "public highway" may seem to be easily dismissed, "[a] parking lot that is publicly maintained and open to use by the public for vehicular travel will constitute a 'highway,' even if the parking lot is on privately owned property." *Helt*, 384 Ill. App. 3d at 288. Reading their texts together, the applicable statutes create a cohesive statutory scheme supporting that conclusion.

¶ 13        Under the Illinois Vehicle Code, the implied consent statute in DUI cases states:

> "Any person who drives or is in actual physical control of a motor vehicle *upon the public highways* of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, other bodily substance, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds or any combination thereof in the person's blood if arrested *** [for a DUI offense] ***." (Emphasis added.) 625 ILCS 5/11-501.1(a) (West 2016).

¶ 14        If the driver refuses or fails to complete any of the enumerated tests when requested by a law enforcement officer possessing probable cause and after receipt of appropriate warnings and documentation, the individual's driver's license "shall" be summarily suspended by the Illinois Secretary of State. 625 ILCS 5/11-501.1(a), (c), (d), (e) (West 2016). To seek rescission of the summary suspension,

> "[w]ithin 90 days after the notice of statutory summary suspension *** is served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension *** rescinded." 625 ILCS 5/2-118.1(b) (West 2016).

¶ 15        In the instant defendant's attempt to rescind his summary suspension, he chose to disprove that "the officer had reasonable grounds to believe that [defendant] was driving or in actual physical control of a motor vehicle *upon a highway* while under the influence of alcohol, other drug, or combination of both." (Emphasis added.) 625 ILCS 5/2-118.1(b)(2) (West 2016). Critically, for purposes of the Illinois Vehicle Code, a "highway" is defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or located on public school property." 625 ILCS 5/1-126 (West 2016). Based on that definition, a property is a "public highway" within the meaning of the implied consent statute if it is both "publicly maintained" and either open to use by the vehicular public or it constitutes public school property. 625 ILCS 5/1-126 (West 2016); see also *Helt*, 384 Ill. App. 3d at 288. Here, it is undisputed that the parking lot where defendant was found is not "public school property." Thus, defendant chose to show that the parking lot was either not publicly maintained or not open for public use.

¶ 16        In *People v. Orth*, 124 Ill. 2d 326, 337-38 (1988), this court concluded that "the motorist, who is requesting judicial rescission of [a summary] suspension, should bear the burden of proof" and must present a *prima facie* case supporting that request. While defendant agrees that he was required to establish a *prima facie* case to support his rescission request, he

maintains that he met that burden by relying on the purported inference that any parking lot by a Walgreens store is private property. He adds that "the State failed to rebut this presumption by providing any evidence of public ownership or maintenance."

¶ 17 In making the latter argument, however, defendant puts the proverbial cart before the horse: this appeal is premised on the trial court's grant of the State's motion for a directed finding. In the rescission context, a directed finding is, necessarily, entered before the State has *any* obligation to present evidence. "If, and only if," defendant makes a sufficient *prima facie* showing, thereby avoiding a directed finding, "the burden will shift to the State to come forward with evidence in rebuttal justifying suspension." *Orth*, 124 Ill. 2d at 338. In making a *prima facie* case, a defendant "has the primary responsibility for establishing the factual and legal bases" for the requested action. *People v. Brooks*, 2017 IL 121413, ¶ 22, *cert. denied*, ___ U.S. ___, 138 S. Ct. 1343 (2018).

¶ 18 Because in rescission cases we apply the same standard of review used in appeals of suppression motion rulings, "[t]he trial court's factual findings are reviewed under the manifest weight of the evidence standard, while the ultimate legal ruling regarding rescission is reviewed *de novo*." *People v. Gocmen*, 2018 IL 122388, ¶ 21. A *prima facie* case is "[a] party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." Black's Law Dictionary 1310 (9th ed. 2009). "The trial judge's finding as to the *prima facie* case will not be overturned upon appeal unless against the manifest weight of the evidence." *Orth*, 124 Ill. 2d at 341. A finding is against the manifest weight of the evidence only if "the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 19 In *Orth*, the motorist argued, in relevant part, that the statutory summary suspension of his driver's license should be rescinded because the result of his breath test was unreliable. This court explained that, to make a *prima facie* case, the motorist had to present evidence "of any circumstance which tends to cast doubt on the test's accuracy, including, but not limited to, credible testimony by the motorist that he was not in fact under the influence of alcohol. *** Only if the trial judge finds such testimony credible will the burden shift to the State ***." *Orth*, 124 Ill. 2d at 341. Applying that standard to defendant's contention in this case, he had to offer evidence that the trial court found to be credible. In addition, to ward off the State's motion for directed finding and shift the evidentiary burden to the State, defendant's proffered evidence had to "tend[ ] to cast doubt on" whether the parking lot constituted a "public highway" as defined by the relevant statute.

¶ 20 Our examination of the record reveals that the only evidence defendant offered to establish his *prima facie* case was his own testimony. And the only portion of his testimony that even tangentially related to whether the parking lot was a "public highway" was even more abbreviated. In its entirety, that testimony consisted of two short colloquies. First, on direct examination by defense counsel:

"Q. [Defendant], can I talk to you about October 20—October 10th, 2016, about 3:30 a.m.?

A. Yes.

Q. Where were you at that time?

A. In the Walgreens parking lot.

> Q. Is that located at 1801 Ingalls Avenue in Joliet?
>
> A. Yes.
>
> Q. And where were you—were you in your car?
>
> A. Yes, I was."

And later, during the State's cross-examination:

> "Q. And the Walgreens parking lot you were parked at was in Joliet; is that correct?
>
> A. Yes."

¶ 21 Before this court, defendant asserts this purported inference: The parking lot by the Joliet Walgreens store where police found him is private property, not a "public highway" as defined in the Illinois Vehicle Code. The sole basis for defendant's claimed inference is, necessarily, the above-quoted testimonial snippets. Nonetheless, he contends that an inference based on those brief snippets is sufficient to overcome his burden of making a *prima facie* showing that the parking lot was outside the reach of the implied consent statute. We disagree.

¶ 22 In its entirety, defendant's evidentiary showing simply recites the most basic background facts underlying his arrest: at about 3:30 a.m. on October 10, 2016, he was in his parked car in a "Walgreens parking lot" "located at 1801 Ingalls Avenue in Joliet." As we have explained, to make his *prima facie* case, defendant had to offer evidence that "tend[ed] to cast doubt on" whether that parking lot was "publicly maintained" or open to use by the motoring public. See 625 ILCS 5/1-126 (West 2016); see also *Helt*, 384 Ill. App. 3d at 288. Because defendant bears the initial burden of presenting sufficient evidence of his chosen ground for rescission, we cannot review that evidence in the light most favorable to him on appeal. *Gocmen*, 2018 IL 122388, ¶ 22. The sum total of the substantive evidence defendant offered on the relevant question in this case consisted of (1) the lot's association with a Walgreens store and (2) its street address. Defendant's testimony did not even specify the proximity or physical connection of the parking lot to the storefront or the location of his car within the parking lot.

¶ 23 As we have noted, to make his *prima facie* case, defendant was obliged to produce "enough evidence to allow the fact-trier to infer the fact at issue and rule in [his] favor." Black's Law Dictionary 1310 (9th ed. 2009). Here, defendant's mere reference to "Walgreens," without more, establishes nothing about either the identity of the entity that maintained the lot or the public's use of the lot. Those are the essential substantive components for a *prima facie* showing that the parking lot was not a "public highway" within the meaning of the relevant statutes. While a defendant's initial showing need not conclusively establish each required element of the case, it must provide *some* affirmative evidence of each one and cannot rely on a passing reference and mere supposition to avoid a directed finding. Here, defendant's *prima facie* showing fell well short of the required mark.

¶ 24 Nonetheless, defendant cites *Ayres*, 228 Ill. App. 3d at 278, *Kissel*, 150 Ill. App. 3d at 286, *People v. Montelongo*, 152 Ill. App. 3d 518, 523 (1987), and *People v. Kozak*, 130 Ill. App. 2d 334, 334-36 (1970), for the proposition that "a motorist need only show that he was operating on or in control of his automobile in the parking lot of a private business to establish a *prima facie* case for rescission under the implied consent statute." Again, defendant's argument misses the mark. Evidence of the private nature of the parking lot where defendant was found asleep in his running car is precisely what was missing from his *prima facie* case, but that was not true in the cases cited by defendant.

¶ 25    In both *Ayres*, 228 Ill. App. 3d at 278, and *Kissel*, 150 Ill. App. 3d at 286, the appellate court expressly relied on the "undisputed" fact that the defendants were observed driving only on "privately owned parking lots." Here, of course, whether the parking lot constituted a "public highway" or was strictly private property is highly contested. In further contrast, the evidence in *Montelongo* and *Kozak* actually supported the conclusion that the parking lots at issue were not "public highways," with police officers in both cases testifying that no governmental body maintained the properties at issue. *Montelongo*, 152 Ill. App. 3d at 520; *Kozak*, 130 Ill. App. 2d at 334-35. In addition, the officers testified either that the lot was owned by a nonpublic body (*Kozak*) or that it was fenced, with posted signage stating that the lot was private and intended for use by only patrons of the adjoining business (*Montelongo*). *Kozak*, 130 Ill. App. 2d at 334-35; *Montelongo*, 152 Ill. App. 3d at 520. Thus, those cases are readily distinguishable and cannot be applied here to overcome the deficiency in defendant's evidentiary showing.

¶ 26    We conclude the trial court's finding that defendant failed to present a *prima facie* case for rescission is not against the manifest weight of the evidence. *Orth*, 124 Ill. 2d at 341 (stating the standard of review for factual determinations). It is certainly not clearly evident from the minimal evidence defendant presented that the trial court should have arrived at the opposite conclusion or that its conclusion was unreasonable, arbitrary, or not based on the evidence. See *Deleon*, 227 Ill. 2d at 332 (explaining the manifest weight of the evidence standard of review). Nor is the trial court's ultimate ruling that defendant's rescission request must be denied erroneous based on our review of the relevant statutes and case law. *Gocmen*, 2018 IL 122388, ¶ 21 (stating the standard of review for the trial court's ruling on a rescission request).

¶ 27    Defendant, however, also raises a policy argument. He claims that requiring more evidence than he offered to avoid a directed finding "would also create an undue burden on petitioner-motorists who may not have access to the information necessary to satisfy the *** 'publicly maintained' requirement." He asserts the State should bear that burden because it is "in a much better position to know if a parking lot is publicly maintained." He contends that "the state is in a far better place to ascertain the relationship between public entities and private property owners than are private citizens" because it "has the resources and the authority to more easily obtain the relevant information."

¶ 28    What defendant fails to explain, however, is why this court should reverse course now and reallocate a burden that has long been placed on the party bringing a summary suspension rescission action to provide sufficient evidence on each of the required elements needed to make a *prima facie* case. See *Gocmen*, 2018 IL 122388, ¶ 20; *Orth*, 124 Ill. 2d at 337-38; *Helt*, 384 Ill. App. 3d at 287 (all explaining the initial burden of proving a *prima facie* case and the subsequent reallocation of the evidentiary burden). Defendant also does not explain why it is unduly burdensome for him to provide *some* affirmative evidence simply tending to cast doubt on the parking lot being publicly maintained. It is unclear why subpoenas or extensive searches of property records would be required to support his initial claim. If defendant offers a satisfactory *prima facie* case and the State fails to rebut it, rescission of the summary suspension is proper. See *Gocmen*, 2018 IL 122388, ¶ 19. The ultimate burden of proof, however, must be continuously borne by the defendant. *People v. Brooks*, 2017 IL 121413, ¶ 22.

¶ 29    Defendant also appears to misunderstand the breadth of his chosen evidentiary burden. By focusing on the alleged difficulty of determining whether a public entity maintains the parking lot, he ignores the equally viable option of making his *prima facie* case by offering affirmative evidence that tends to cast doubt on whether the parking lot is open to public use. After all, property constitutes a "public highway" only if it is *both* "publicly maintained" *and* either open to use by the vehicular public or is public school property. 625 ILCS 5/1-126 (West 2016) (defining "highway" for purposes of the Illinois Vehicle Code). To avoid a directed finding against him, defendant could have made a *prima facie* offering of evidence that tended to cast doubt on *either one of those statutory requirements*. Something as simple as evidence of a posted "private property" sign may, in the proper circumstances, suffice to satisfy the *prima facie* burden of proof in a rescission action, shifting the burden to present evidence on the lot's "public highway" status to the State. See *Gocmen*, 2018 IL 122388, ¶ 20 (citing *People v. Wear*, 229 Ill. 2d 545, 560 (2008) (explaining that "[i]f the driver establishes a *prima facie* case for rescission, the burden shifts to the State to come forward with evidence justifying the suspension")); *Montelongo*, 152 Ill. App. 3d at 520 (noting police testimony that a sign posted in the lot indicated it "was private and was provided for the patrons of the establishment"). Here, defendant did not attempt to make even that minimal showing.

¶ 30    Because we uphold the trial court's directed finding for the State based on defendant's failure to satisfy the burden of presenting a *prima facie* case, we need not address the State's alternative argument that the rescission of his driver's license could be upheld based on evidence that he drove his car on a public highway sometime prior to his arrest in the parking lot.

¶ 31                              III. CONCLUSION

¶ 32    For the reasons stated, we hold that defendant was required to offer some affirmative evidence that the parking lot where he was arrested for DUI was not a public highway within the definition in the Illinois Vehicle Code to make his *prima facie* case and fend off the State's motion for a directed finding. Because he failed to provide that quantum of evidence, we uphold the trial court's directed finding for the State.

¶ 33    Affirmed.