[Cite as *State v. Roberson*, 2021-Ohio-4016.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110356 |
| v. | : | |
| WILLIAM K. ROBERSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-651559-A and CR-20-651560-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Marein & Bradley and Michael I. Marein, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, William K. Roberson ("Roberson"), appeals his sentence. For the reasons that follow, we affirm.

## I.  Background

{¶ 2} Roberson was indicted in a four-count indictment in Cuyahoga C.P. No. CR-20-651559 as follows:  Count 1, having weapons while under disability in violation of R.C. 2923.13(A)(2); Count 2, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B); Count 3, carrying a concealed weapon in violation of R.C. 2923.12(A)(2); and Count 4, receiving stolen property in violation of R.C. 2913.51(A).  He was indicted in Cuyahoga C.P. No. CR-20-651560 on one count of domestic violence in violation of R.C. 2919.25(A).

{¶ 3} Roberson reached a plea agreement with the state and pleaded guilty in CR-20-651559 to Count 2, improperly handling firearms in a motor vehicle, a fourth-degree felony; and Count 4, receiving stolen property, a felony of the fifth degree.  The remaining counts were dismissed.  He pleaded guilty in CR-20-651560 to an amended count of breaking and entering in violation of R.C. 2911.13(B), a fifth-degree felony.

{¶ 4} At sentencing, the trial court found that Roberson's criminal history — which included seven prior convictions — his substance abuse, and his access to firearms raised concerns for the safety of the community.  (Tr. 9.)  Nevertheless, after noting that Roberson had not been to prison before, the judge sentenced him to one year of community control sanctions on each count, beginning with a term at a community-based correctional facility ("CBCF") upon a determination that he was eligible to be placed there.  The judge told Roberson:

> So you're going to be placed on community control sanctions, but you're going to start at the CBCF.  If you are eligible, you'll be in the

custody of the county jail.  You're going to be held until there is a bed available at the CBCF.  At that time you'll be released directly into the custody of CBCF personnel.

(Tr. 10-11.)

**{¶ 5}** The trial court's journal entry of sentencing reiterated that Roberson's community control sanctions were conditioned upon his eligibility for the CBCF program.  The judgment entry stated in pertinent part:

> It is therefore ordered that the defendant is sentenced to one year of community control on each count, under the supervision of the Adult Probation Department's CBCF unit. * * * Defendant ordered to be screened for placement into the McDonnell Center community based correctional facility.  The court authorizes a copy of the PSI report be given to CBCF for purposes of screening, evaluation, and case planning. *If found eligible*, and in custody of Cuyahoga County Jail, defendant is to be held until such time as a bed becomes available at the CBCF, at which time defendant is to be released into the custody of CBCF personnel.  *If found eligible*, defendant to successfully complete entire CBCF program and follow all program and community plan recommendations.  (Emphasis added.)

After sentencing, the court remanded Roberson to the Cuyahoga County Jail pending determination of his eligibility for the CBCF.

**{¶ 6}** Upon learning that Roberson was ineligible for the CBCF because of a medical condition, the trial court held another sentencing hearing.  The trial court rejected defense counsel's assertion that Roberson's medical condition was not a violation of his community control sanctions, stating:

> Well, the court is not here to determine whether or not Mr. Roberson has violated a condition of his probation.  The only condition that I required of Mr. Roberson was to be accepted to the CBCF.  Since he was unable to be accepted to the CBCF, the court is going to vacate that finding of community control sanctions and resentence Mr. Roberson to what's appropriate.

(Tr. 18.)

{¶ 7} The court resentenced Roberson to 18 months in prison on each count in CR-20-651559, to be served concurrently, and concurrent to a 12-month term of imprisonment in CR-20-651560, for a total term of 18 months. The judge stated:

> [T]he court is finding that after Mr. Roberson was not eligible for CBCF, that was the only level of community control sanctions this court felt adequately protected the community and also supervised Mr. Roberson in a residential setting. And since he's ineligible due to the medical conditions, for the safety of the community, I'm going to send him to the Lorain Correctional Institution * * * because I find he's not amenable to any other community control sanction.

(Tr. 22.)

{¶ 8} This appeal followed.

## II. Law and Analysis

{¶ 9} Roberson raises four assignments of error. He contends that the trial court's resentencing was in error because (1) he had not violated any term of his community control supervision and therefore, the trial court had no authority to revoke the sentence; (2) the trial court's revocation of community control and imposition of a prison sentence violated his constitutional right against double jeopardy; (3) the trial court's failure to give him adequate notice of any claimed violation of his community control sanctions before the resentencing hearing violated his due process rights; and (4) his prison sentence was contrary to law because the trial court did not consider the R.C. 2929.11 and 2929.12 sentencing factors before imposing a term of imprisonment.

{¶ 10} We address assignments of error one, two, and three together because they are related.

{¶ 11} As a general rule, a court has no authority to reconsider its own valid final judgment. *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 10, citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 120, 504 N.E.2d 936 (8th Dist.1996). In criminal cases, a judgment is not considered final until the sentence has been ordered into execution. *Carlisle* at *id.*

{¶ 12} "Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." *Columbus v. Messer*, 7 Ohio App.3d 266, 268, 455 N.E.2d 519 (10th Dist.1982). "In other words, a criminal judgment is not final and the court retains the authority to modify the sentence until the defendant is delivered to a penal institution to start serving a sentence." *Carlisle* at ¶ 12. Pertinent to this case, "imprisonment" includes a term in a CBCF. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 12.

{¶ 13} In light of the foregoing principles, it is apparent that execution of Roberson's sentence of community control supervision at the McDonnell Center had not yet commenced when the trial court resentenced him to prison. Specifically, Roberson had not been transferred from the Cuyahoga County Jail (the temporary detention facility of the judicial branch where he was waiting pending a determination of his eligibility for a CBCF) to the CBCF where he was to serve his

community based supervision. Because execution of his sentence had not commenced, the judgment sentencing him to community control sanctions was not final, and the trial court retained authority to modify the sentence and resentence him to prison.

{¶ 14} Accordingly, whether Roberson had violated the terms of his community control supervision was not a relevant consideration at the resentencing hearing, and no due process requirement regarding notice of any alleged violation of community control sanctions was implicated. Nor did the resentencing hearing violate Roberson's constitutional right against double jeopardy. *See State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049 (where the defendant was never transported to or placed in the CBCF, the sentence had not "commenced," and the prohibition against double jeopardy did not preclude the trial court from resentencing him to a prison term). The first, second, and third assignments of error are therefore overruled.

{¶ 15} We likewise find no merit to Roberson's fourth assignment of error, which asserts that his prison sentence is contrary to law because the trial court did not consider the sentencing factors set forth in R.C. 2929.11 and 2929.12 before sentencing him to prison.

{¶ 16} When sentencing a defendant for felony offenses, the court must consider the purpose and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 23. Trial courts are not required to make

factual findings under R.C. 2929.11 or 2929.12, however. *State v. White*, 8th Dist. Cuyahoga No. 106580, 2018-Ohio-3414, ¶ 9, citing *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27. Indeed, consideration of the factors is presumed unless the defendant affirmatively demonstrates otherwise. *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. This court has consistently found that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *White* at ¶ 9, citing *Kronenberg* at ¶ 27.

{¶ 17} Before resentencing Roberson, the trial court stated that it had "considered all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors." (Tr. 22.) Likewise, the trial court's journal entry of sentencing states that "[t]he court considered all required factors of the law," and that "the court finds that prison is consistent with the purpose of R.C. 2929.11." Thus, it is apparent that the trial court considered the required statutory factors before sentencing Roberson. We note, however, that the trial court's imposition of 18 months in prison — when it had originally sentenced Roberson to 12 months in a CBCF — seems unduly harsh and punitive. Roberson does not raise that issue, however, and the trial court adequately considered the statutory factors before sentencing him. The fourth assignment of error is therefore overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR